# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:21-CV-00280-RJC-DSC

| | |
|---|---|
| FREDERICK MORRISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WEBCOLLEX LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss Certain State Law Claims in Plaintiff's First Amended Complaint" (document #16) and the parties' briefs and exhibits.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>granted in part</u> and <u>denied in part</u> as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Accepting the factual allegations of the First Amended Complaint as true, this matter arises from Defendant's efforts to collect a debt from Plaintiff. On April 12, 2021, Defendant sent him a letter in an attempt to collect the debt. Defendant used a third-party vendor to prepare and mail

the letter. During that process, Defendant communicated information regarding Plaintiff's debt to the vendor.

Plaintiff alleges this communication is a violation of the Federal Fair Debt Collection Practices Act ("FDCPA"), the North Carolina Debt Collection Act ("NCDCA"), the North Carolina Collection Agency Act ("NCCAA"), and the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA").

On June 11, 2021, Plaintiff filed his class action Complaint, which as amended asserts claims under those statutes.

Defendant has moved to dismiss the NCDCA and UDTPA actions for failure to state a claim.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563.  A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark [] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490

U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

### B. NCDCA Claim

"In order to establish a claim under the NCDCA, a plaintiff must first establish three requirements. First, the obligation owed must be a 'debt'; second, the one owing the obligation must be a 'consumer'; and third, the one trying to collect the obligation must be a 'debt collector.'" Musenge v. SmartWay of the Carolinas, LLC, No. 3:15-CV-153-RJC-DCK, 2018 WL 4440718, at *3 (W.D.N.C. Sept. 17, 2018). Pursuant to N.C.G.S. § 75-50, "'Debt collector' means any person engaging, directly or indirectly, in debt collection from a consumer except those persons subject to the provisions of [the NCCAA]." The NCDCA exempts collection agencies covered under the NCCAA.

The NCCAA defines a collection agency as "a person directly or indirectly engaged in soliciting, from more than one person delinquent claims of any kind owed or due or asserted to be owed or due the solicited person," and includes "any person that procures a listing of delinquent debtors from any creditor and that sells the listing or otherwise receives any fee or benefit from collections made on the listing." N.C.G.S. § 58-70-15. A collection agency is also one who "engages, directly or indirectly, in debt collection from a consumer." N.C.G.S. § 58-70-90.

Plaintiff alleges that Defendant is "regularly engaged in the business of collecting debt allegedly owed by consumers to others for profit." Plaintiff's debt was transferred to Defendant after falling into default. Defendant attempted to collect it in order to make a profit. Clearly, Defendant is a collection agency within the meaning of the NCCAA rather than a debt collector under the NCDCA.

Plaintiff argues that discovery may reveal that Defendant is a debt collector and it should be allowed to plead its NCDCA and NCCAA claims in the alternative. But Plaintiff has not pled these claims in the alternative. See, e.g., Booker v. Washington Mut. Bank, FA, 375 F. Supp. 2d 439, 441–42 (M.D.N.C. 2005) ("[a] memorandum in opposition or response, however, cannot remedy the defects in a party's complaint. The remedy for an insufficient complaint is amendment under Rule 15 of the Federal Rules of Civil Procedure, which Plaintiff has not requested"); Arnett v. Hodges L. Off., PLLC, No. 3:18CV370, 2019 WL 4195343, at *4 (E.D. Va. Sept. 4, 2019) ("t]o the extent [Plaintiff] alleges a cause of action challenging allegedly illegal fees, her Complaint—not her Response to the Motion to Dismiss—must present the claim.")

For those reasons, the undersigned respectfully recommends that Defendant's Motion to Dismiss Plaintiff's NCDCA claim be granted.

### C. UDTPA Claim

In his response brief, Plaintiff "concedes that the portion of his UDTPA claim premised solely on Defendant's violation of the NCDCA should be dismissed. Relatedly, Plaintiff withdraws his claim for treble damages under the UDTPA but does not withdraw his request for attorney's fees under the UDTPA." Document #21 at 3-4. The undersigned respectfully recommends that Plaintiff's UDTPA claim be dismissed to the extent it arises under the NCDCA.

A NCCAA violation can support a UDTPA claim. N.C.G.S. § 58-70-130(c) ("specific and general provisions of [the NCCAA] shall constitute unfair and deceptive acts or practices as proscribed by G.S. 75-1.1 in the area of commerce regulated hereby").

Defendant argues that Plaintiff has failed to allege actual damages sufficient to support his UDTPA claim. At this stage, the Court finds the First Amended Complaint sufficiently alleges that Plaintiff was damaged by the publication of his confidential information to a third party

vendor. For this reason and the other reasons stated in Plaintiff's brief, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>denied</u> as to the UDTPA claim arising under the NCCAA.

## III. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss Certain State Law Claims in Plaintiff's First Amended Complaint" (document #16) be **GRANTED IN PART** and **DENIED IN PART**. Specifically, Plaintiff's claim under the North Carolina Debt Collection Act ("NCDCA") and the portion of his North Carolina Unfair and Deceptive Trade Practices ("UDTPA") claim arising under the NCDCA should be **DISMISSED WITH PREJUDICE**. Otherwise, the Motion should be **DENIED**.

## IV. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED AND RECOMMENDED**.

Signed: November 1, 2021

David S. Cayer
United States Magistrate Judge