IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:21-cv-280-RJC-DSC

| | |
|---|---|
| Frederick Morrison, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Webcollex LLC d/b/a CKS Financial, a Virginia corporation,<br><br>Defendant. | **CONSENT PROTECTIVE ORDER** |

This matter came before the Court on the Joint Motion of the parties for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. To protect the parties from disclosure of proprietary or confidential information, the parties have stipulated and agreed to this Consent Protective Order.

In the course of this action, the parties may request production of documents and information related to current or former employees, confidential trade secrets or other commercial information, and sensitive financial information. Portions of such documents and information are protected from disclosure absent a lawfully issued judicial order or subpoena. The parties have an interest in limiting disclosure of the records and information for any purposes other than the litigation process of this case. The parties shall be permitted to designate as confidential only documents or information which they believe in good faith to be or contain information within the scope of Rule 26(c) of the Federal Rules of Civil Procedure. Moreover, the parties shall be obligated to make specific designations to the extent reasonably possible and to avoid overbroad designations.

Therefore, for good cause shown, it is hereby ORDERED that:

1. Information produced by the Parties in this action and designated as Confidential (the "Confidential Information") shall be subject to the terms and provisions set forth herein and will be treated as confidential pursuant hereto.

2. The following terms, as used herein, shall, without limiting the generality of the meaning of said terms, be construed as follows:

    (a) The Parties to this action shall mean:

        (i) Plaintiff, as well as any attorney(s) acting on Plaintiff's behalf; and,

        (ii) Defendant, as well as attorney(s) acting on its behalf.

    (b) Confidential—The parties and/or counsel may designate as Confidential any Discovery Material that counsel in good faith believes: (i) contains sensitive personal or financial information including but not limited to an individual's Social Security number, taxpayer identification number, financial account number, credit card or debit card number, driver's license number, State-issued identification number, passport number, date of birth (other than year), and any sensitive health information identifiable by individual, such as an individual's medical records, or (ii) contains or is derived from trade secrets or other confidential or commercial information, or (iii) the public disclosure of which will likely result in injury or harm to the party requesting confidential treatment or to any third party, or (iv) where public disclosure is prohibited by law. To avoid unnecessary litigation, no party shall misuse or unreasonably designate discovery material as confidential.

3. Documents produced and testimony given in this case shall be used solely for purposes of the preparation and trial of this litigation, mediation and any related appellate proceeding and for no other purpose.

4. Each party may identify and designate documents and things produced by it or any third party, along with answers to interrogatories and responses to other discovery demands, as Confidential to the extent that such party in good faith believes such documents, things, answers and responses contain confidential information, including, but not limited to, trade secrets, confidential or proprietary business plans, forecasts or data; confidential or proprietary financial plans, forecasts or data; confidential or proprietary operational plans, forecasts or data; or sensitive commercial, financial, customer, employee, or personal information; or if it is of a type deemed privileged or confidential by any state or federal statute or regulation. This Order does not apply to documents or things which may be covered by the attorney-work-product privilege or the attorney-client communication privilege. Such material shall be handled by the parties in accordance with applicable law. Documents that are designated by the parties as Confidential may be produced pursuant to this Protective Order. All such documents shall be marked as Confidential as described in Section 7 below.

5. Material deemed or designated Confidential and any material obtained or derived therefrom shall be inspected or used solely by:

 (a) counsel for the parties to this litigation and persons in their employ who are assisting in the conduct of this litigation, including outside contractors;

 (b) the parties to this litigation and the officers, directors, partners, principals and employees, whether past, present, or future, of such parties who are involved in the preparation of this action (collectively, "Party Representatives");

 (c) experts retained to testify at trial, or consultants retained or engaged by a party in preparation for trial (collectively, "Consultants"), each of whom has signed an undertaking in the form of Exhibit A, as provided in paragraph 6 below;

(d) persons who prepared or who have previously received particular documents, provided that the inspection or use of Confidential Information by such persons is limited only to those documents prepared or previously received;

(e) insurers that provide or are requested to provide coverage for the claims asserted in this case, and their counsel;

(f) judicial officers and personnel (including stenographic reporters); and

(g) any other person, including any witnesses in this matter, who the parties jointly authorize to see Confidential Information, provided that each such person shall sign an undertaking in the form of Exhibit A, as provided in paragraph 6 below.

6. Prior to receipt of any Confidential Information, an expert, consultant or other authorized person shall sign an undertaking in the form of Exhibit A, which shall be retained by counsel for the party employing, or otherwise affiliated with, said expert, consultant or other authorized person for a period of five years after the conclusion of this litigation. Counsel receiving such a signed undertaking shall provide a copy thereof to all other counsel of record in this case. Confidential Information may be disclosed to an expert, consultant or Party Representative for the sole purpose of assisting counsel in the preparation of this case for trial and to an expert's, consultant's or Party Representative's supporting and clerical personnel required to carry out functions assigned to them by any such consultant.

7. Confidential Information shall be designated as follows:

(a) In the case of documents copied and produced, each page shall be Bates-stamped and designation shall be made by placing the legend "CONFIDENTIAL" on each page of any such document prior to production, except that, with respect to any documents produced in this proceeding by either party to the other prior to the entry of this Order, designation shall be

made in writing addressed to counsel for the receiving party and identifying with particularity the document(s) the producing party has designated as Confidential Information. Documents may be produced for inspection and designated as "CONFIDENTIAL" without placing a legend on the document. If copying is requested of documents so designated, the copies shall bear the legend as set forth above.

    (b)  In the case of documents produced by non-parties pursuant to subpoena, a party wishing to designate such material as Confidential shall so notify counsel for all other parties, in writing, prior to the time specified in the subpoena for compliance. If the party wishing to designate such material as Confidential is the party who served the subpoena, then counsel for that party shall make such designation in the manner described in paragraph 8(a) above promptly upon receipt of the subpoenaed material and shall thereafter promptly provide counsel for all other parties with copies of the subpoenaed material (including the material designated as Confidential). Counsel for any other party wishing to designate such material as Confidential shall be allowed to examine the subpoenaed material promptly upon receipt by counsel for the subpoenaing party and shall be allowed to designate any such material as Confidential in the manner described in paragraph 7(a) above prior to the release of the subpoenaed material to any person or party. Upon such designation, counsel for the subpoenaing party shall thereafter promptly provide counsel for all other parties with copies of the subpoenaed material (including that material designated as Confidential).

    (c)  In the case of other Confidential Information, designation shall be made in a writing addressed to counsel for the receiving party and identifying with particularity the other Confidential Information, or portion thereof, that constitutes Confidential Information pursuant to the provisions of this Order.

8. Counsel for any party or non-party may designate a deposition as Confidential:

    (a) at the deposition by making a statement of designation in the deposition; or

    (b) within twenty business days after receipt of a transcript of such testimony by providing to counsel for each party a written list, by page and line, of the specific portions to which Confidential status is claimed. All deposition testimony shall be treated as Confidential until the expiration of twenty business days after receipt of the transcript by counsel, regardless of whether a statement of designation of Confidential has been made in the deposition.

9. Any party may subsequently challenge the designation of materials as Confidential by seeking review of the Court at any time during the pendency, trial, or appeal of this action. The burden of proof in any such motion shall be on the designating party to justify the appropriateness of the designation of Confidential. Material deemed or designated Confidential shall maintain that designation for all purposes unless and until the Court rules to the contrary. Confidential Information shall not be made public, except as provided in LCvR 6.1.

10. If an expert, consultant, or Party Representative in possession of already designated Confidential Information receives a subpoena from a non-party to this Order seeking production or other disclosure of such Confidential Information, telephonic and written notice shall immediately be given to counsel for the party or non-party who produced the Confidential materials, identifying the Confidential Information being sought, and arranging for transmission of a copy of the subpoena. In no event, absent court order, shall production or disclosure be made before notice is given. A party subpoenaed shall timely take all appropriate measures to advise any relevant tribunal of the terms of this Order.

11.     No copy of any transcript of any deposition taken by any party shall be prepared or furnished by the court reporter to any person other than counsel for the parties and the deponent and his counsel.

12.     This Order shall not prevent any party or non-party from applying to the Court for further or other protective orders or for modifications of this Order, or from agreeing to modifications to this Order. Any such agreed-upon modifications shall be in writing, and signed by counsel on behalf of the parties, and by any interested non-party.

13.     Within sixty days of the final termination of this lawsuit, including all appeals, all persons subject to this Order shall destroy all Confidential Information and all copies thereof, or return them to the producing party or non-party.  A party's outside counsel may keep and not destroy one copy of all Confidential Information, as well as documents incorporating or referring to Confidential Information, which are inextricably intermingled with the work product of that party's counsel.  The Confidential Information intermingled with or referred to in such documents, however, shall remain subject to the terms of this Order.

14.     Nothing herein shall restrict the right of a party or non-party producing Confidential Information to make use of such information as it deems appropriate. Nothing herein shall bar a party from the unrestricted use of any document obtained from public sources or available through public sources, or which that party lawfully possessed and was free to use without restriction before such information was provided to it in this action.  The treatment of any document as confidential or as containing Confidential Information is intended solely to facilitate preparation for trial and shall not be construed as an admission that the document contains any trade secret or Confidential Information.

15.     Nothing herein shall constitute:

(a) an agreement to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required by court order;

(b) a waiver of any right to object to any discovery request in this or any other action except that, so long as this Order is in effect, the parties may not object to a discovery request in this action on the grounds that such request seeks the production of sensitive or confidential business or personal information; or

(c) a waiver of any claim of immunity or privilege with regard to any testimony, documents or information.

16. Any document not designated as Confidential Information shall not be subject to this Order provided, however, that inadvertent production of any document without designating such document as Confidential Information shall not itself be deemed a waiver of the producing party's claim of confidentiality as to such document, and the producing party may within thirty (30) days after discovery of the inadvertent production designate the same as Confidential Information. Disclosure by any party of such matter prior to notice by the producing party of the confidential nature thereof shall not be deemed a violation of this Agreement.

17. The ultimate disposition of Confidential Information will be subject to a final Order of the Court, upon completion of this litigation.

18. This Order shall survive the termination of this litigation.

**SO ORDERED**.

Signed: December 15, 2021

_____
David S. Cayer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:21-cv-280-RJC-DSC

| | |
|---|---|
| Frederick Morrison, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Webcollex LLC d/b/a CKS Financial, a Virginia corporation,<br><br>Defendant. | **Exhibit A** |

I, _____, being duly sworn, state that:

1. My address is _____.

2. I received a copy of the attached Consent Protective Order in this case on _____.

3. I have read carefully and understand the provisions of the Consent Protective Order and have had an opportunity to discuss it with counsel. I will comply with all provisions of the Consent Protective Order.

4. I will use documents produced and testimony given in this case solely for purposes of preparation and trial of this litigation and any related appellate proceeding and no other purpose.

5. I will hold in confidence and not disclose to anyone not qualified under the Consent Protective Order any material deemed or designated "Confidential" as that term is defined in the Consent Protective Order. I shall further assure that any and all of my supporting and clerical personnel comply with the provisions of the Consent Protective Order and with the obligations as

agreed to by me in this undertaking. I understand that violation of the Consent Protective Order may subject me to punishment for contempt of Court. I irrevocably waive any objection to personal jurisdiction over me in the above-captioned Court with regard to the Consent Protective Order.

6. I undertake that I will not refer to or rely on any Confidential Information in any future engagement, employment, or other circumstances without the express written consent of the party of non-party which made the designation.

7. Within sixty (60) days of the termination of this litigation, I will return all confidential material and all copies thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

I declare under penalty of perjury that the foregoing is true and correct, except for those matters stated upon information and belief and, as to those, I believe them to be true.

Executed this the _____ day of _____, 2022.

_____     _____
Signature of Declarant                               Print or Type Name of Declarant